WOODARD, Judge.
This case arises out of an automobile accident which occurred on January 27, 1991. The issue is whether the trial court erred in ordering the defendant to strike from its pleadings allegations concerning the guest passenger’s failure to use his seat belt.
FACTS
Plaintiff, Terry Louviere, filed this lawsuit on behalf of herself and her son, James Scott Romero, against several defendants, including the State of Louisiana, Department of Transportation and Development. James Romero was a guest passenger in an automobile involved in the accident, and he sustained injuries when he was thrown from the vehicle.
In its answer to plaintiffs petition, defendant asserted that James Romero was guilty of contributory negligence because at the time of the accident he “did not have on his seat-belt, which resulted in him being ejected from the vehicle causing or exacerbating his injuries in this accident ...” Plaintiff filed a motion to strike these allegations as an insufficient affirmative defense and as immaterial. Plaintiff also requested court costs and attorney’s fees.
A hearing on the motion was held June 29, 1992. The trial court granted plaintiffs motion to strike and assessed defendant with costs and $250.00 in attorney’s fees. Defendant appeals this judgment, asserting the following assignments of error: (1) the trial court erred in granting the plaintiffs motion to strike, thereby preventing reference to the non-use of seat belts to show failure to mitigate damages, and (2) the trial court erred in awarding plaintiff attorney’s fees.
*1130 MOTION TO STRIKE
The statutory provision at issue here is La.R.S. 32:295.1, which provides in pertinent part as follows:
A.(l) Each driver of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion. The provisions of this Section shall not apply to those cars, vans, or pickups manufactured prior to January 1, 1981.
(2) A person operating or riding in an autocycle shall wear seatbelts while in forward motion.
B. Except as otherwise provided by law, each front seat occupant of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion, if a belt for his seating space has been provided by the manufacturer. $ ⅛ $ ⅛ $ $
E. In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.
(Emphasis added).
Defendant argues that the statute is inapplicable in this ease because in its answer, defendant never mentioned the statute or alleged a violation of the statute. Defendant argues that it only seeks to rely on the fact of non-use of the seat belt, as opposed to a violation of the statute. Defendant bases its argument on the language in La.R.S. 32:295.-1(E) which refers to the “... failure to wear a safety belt in violation of this section ...” (emphasis added).
Defendant apparently assumes that La. R.S. 32:295.1(E) prohibits evidence of non-use of a seat belt for mitigation of damages only when you specifically allege a violation of the statute. This interpretation leads to absurd results. We do not believe the legislature intended to allow mitigation of damages for non-use of a seat belt where a party merely leaves out any reference to the statute. This is contrary to the plain language of the statute.
Therefore, we affirm the trial court’s judgment granting plaintiffs motion to strike the reference to non-use of a seat belt from defendant’s pleadings.
ATTORNEY’S FEES
Defendant next asks that, if we reverse the trial court’s judgment on the motion to strike, we also reverse the award of attorney’s fees. Defendant failed to brief this issue any further than to make this request. Because we affirm the trial court’s judgment on the motion to strike, this issue is moot.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.